| | |
|---|---|
| STATE OF MINNESOTA ) | 19-mj-148 HB |
| COUNTY OF RAMSEY ) | AFFIDAVIT OF TRAVIS W. HAMBLEN |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Travis W. Hamblen, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.	I am a Special Agent with Homeland Security Investigations (HSI) in St. Paul, Minnesota. I have been a federal law enforcement officer since July of 1996, and, in that capacity, I have directed and participated in numerous investigations related to interstate and international violations of federal law. I have received specialized training in law enforcement and conducting criminal investigations at the Federal Law Enforcement Training Center located in Glynco, Georgia.

2.	I am responsible for enforcing federal criminal statutes including the sexual exploitation of children pursuant to Title 18, United States Code, 2252. I have received training and instruction in the investigation of the sexual exploitation of children and have participated in investigations relating to such exploitation. The information contained within this affidavit is based on my training and experience, and information obtained from other law enforcement agents involved with this investigation, including Customs and Border Protection Officers. This affidavit is intended merely to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3.	Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that Andrew Nathaniel David PIONTEK has committed violations of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) (Possession of Child Pornography) and 18 U.S.C. §§

SCANNED
MAR 0 8 2019
U.S. DISTRICT COURT ST. PAUL

2252(a)(1) and 2252(b)(1) (Interstate Transportation of Child Pornography).

**PROBABLE CAUSE**

4. On December 11, 2018, Andrew Nathaniel David PIONTEK, a United States citizen, applied for admission to the United States at the Minneapolis, Minnesota International Airport (MSP). PIONTEK was returning to the United States from a trip to Thailand with a connecting flight through Amsterdam. Upon arriving at the MSP airport, PIONTEK was subjected to inspection by Customs and Border Protection (CBP).

5. During the CBP inspection of PIONTEK's baggage a water bottle was located. The water bottle had a false bottom. Hidden in the false bottom was a concealed 128GB USB thumb drive with serial #BP180425831Z. PIONTEK told the CBP Officers that the thumb drive was hidden because it contained images that would be embarrassing to him. PIONTEK then admitted to the CBP Officer that the thumb drive contained photographs and videos of child pornography. Additionally, located in PIONTEK's baggage were the following additional electronic devices capable of data storage: (1) a MacBook Pro laptop computer with serial #C02VW3XVHV2N; (2) an iPhone 7 model #A1660 with case, serial #DNPT503NHG7D; (3) an iPhone 6S model #A1633 with IMEI #354956074001798; (4) an Apple iPad with serial #DMPKPPWA; (5) a San Disk thumb drive/Wi-Fi device model #SDWS4; and (6) a digital camera containing a 64GB Sandisk Pixtor SD Card with Serial # BN1528050252G. These six electronic devices, along with the above-referenced (7) 128GB USB thumb drive with serial #BP180425831Z, are hereinafter referenced as "The Devices."

6. Your affiant, who is currently stationed at the MSP airport, then conducted a post-Miranda audio and video recorded interview of PIONTEK at the MSP airport. In summary, PIONTEK stated that he was the sole owner and user of The Devices. PIONTEK stated that he

2

was the only person who had access to The Devices, that all the content on The Devices was his or placed on The Devices by him, and that the content was downloaded from various sources on the internet. PIONTEK provided me with the passwords and pin numbers needed to access The Devices. PIONTEK stated that he had downloaded and stored child pornography from the internet while in the United States as well as Thailand and that the child pornography was specifically stored on the MacBook Pro and the 128GB USB thumb drive. PIONTEK stated that on The Devices he had several hundred images and videos of children eight years of age and older engaged in sex acts.

7. The Devices were then retained by CBP to allow for examination of The Devices for contraband by a computer forensics agent.

8. On December 12, 2018, The Devices were turned over to HSI Special Agent Ulrich Palmer-Denig, a certified computer forensics agent. During the initial evaluation of The Devices, Special Agent Palmer-Denig determined that there were thousands of photographs and videos of apparent child pornography stored on The Devices, and that each of the seven devices had child pornography stored on it or there was evidence that child pornography had previously been stored on it and had been deleted and/or corrupted.

9. On February 27, 2019, your affiant applied for and was authorized a search and seizure warrant for The Devices. It is expected that the complete examination of The Devices will take hundreds if not thousands of hours. Although the search of The Devices has commenced, it is not known as to when the examination will be completed.

10. On March 5, 2019, your affiant conducted a preliminary review of the data on the iPhone 7 model #A1660 serial #DNPT503NHG7D, which was seized from Andrew PIONTEK. During a search of the internet browser history, it was discovered that on July 29, 2017, the

following internet searches were made via the Safari browser: "where to find child prostitutes in kieve ukraine," "where to find child sex in kiev ukraine," and "pedo sex in kiev." Records located within the iPhone 7 indicated that at the time of the above searches, the device was physically located in Kiev. International travel records maintained by the Department of Homeland Security indicate that Andrew PIONTEK had in fact travelled to the area of Kiev during this time period. During my preliminary review, I also noted extensive chats and dialogs between PIONTEK and others during which PIONTEK appeared to be negotiating specific sex acts for money, including at least once with an individual selling the sex services of another. These messages were exchanged while PIONTEK was abroad in places that I know through experience and training are well known sex tourism destinations, such as Ukraine and Thailand. In these chat logs and messages, I am unable to determine the ages of the specific persons with which PIONTEK procured actual sexual services, though it does appear that sex was in fact procured. It should be noted that on this device PIONTEK has extensively used secured and encrypted messaging applications and that, during the preliminary review, I have been unable to access much of the content or, in some cases, only portions of the messaging content.

11.     Your affiant reviewed travel history records for PIONTEK dating back ten years and noted extensive and consistent international travel. Specifically, during the past ten years, PIONTEK has made twenty-four separate trips abroad. Many of the locations to which PIONTEK has travelled are well known sex tourism locations. I know through my experience and training that individuals often travel to places such as Ukraine (Kiev), Thailand, and the Dominican Republic—all places to which PIONTEK has traveled—for the purpose of sex tourism, including seeking sexual relations with children. On December 11, 2018, at the time your affiant interviewed

PIONTEK, he said that he was employed as a part-time Uber driver, which would suggest neither the income nor work-related reasons to support such extensive international travel.

## CONCLUSION

12.    Based on the above information, I respectfully submit that there is sufficient probable cause for issuing a Complaint and Arrest Warrant for Andrew Nathaniel David PIONTEK violations of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2) (Possession of Child Pornography) and 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1) (Interstate Transportation of Child Pornography).

Respectfully submitted,

_____
Travis W. Hamblen
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on March 8, 2019.

_____
HILDY BOWBEER
UNITED STATES MAGISTRATE JUDGE