UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-093 (JRT/TNL)

| | |
|---|---|
| United States Of America,  )<br>  )<br>          Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Andrew Nathaniel David Piontek,  )<br>  )<br>          Defendant.  ) | MOTION TO COMPEL ATTORNEY FOR THE GOVERNMENT TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENDANT |

The defendant, Andrew Nathaniel David Piontek, through his attorney, Manny K. Atwal, moves the Court pursuant to the authority of Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny, for an order compelling disclosure of any evidence in the possession of the prosecution or any of its agents which is exculpatory or relevant for impeachment purposes. This request includes evidence not directly in the possession of the prosecutor, but the existence of which is known, or by the exercise of due diligence may become known to the prosecution, which may be favorable to the defendant or could reasonably weaken or affect any evidence that may be introduced against the defendant. The order sought by the defense should require the disclosure of all evidence relevant to the subject matter of this case that may in any manner aid the defendant in the investigation or preparation of his case for trial or sentencing. Disclosure should be made without regard to whether the evidence to be disclosed may be admissible at the trial herein.

1

The <u>Brady</u> and <u>Giglio</u> obligations of the government include but are not limited to the following:

1. Any identification of persons other than the defendant by witnesses to the crime.

2. Any failure to identify the defendant by any eyewitness to the crime, or uncertainty in the identification of the defendant by such a witness.

3. Any statements of any witness exculpating the defendant.

4. Any statements of any witness, which contradict other statements by that witness, or contradict statements of other witnesses.

5. Any reports of interviews relating to or containing statements or identifications contained in paragraphs 1 through 4.

6. Any fingerprints, handwriting, physical evidence or other specific evidence which was not identified with this defendant, or any uncertainties or discrepancies in such evidence which did identify the defendant.

7. Any items seized from parties not charged which tend to identify them rather than the defendant with commission of the charged crime.

8. Any prior convictions, arrests or criminal involvement of prospective government witnesses.

9. Any offers, promises, or inducements made to prospective government witnesses to secure their cooperation against the defendant, whether or not the government intends to call those persons as witnesses, and whether or not express deals were entered into with those persons.

10. Any other evidence relevant to impeachment of government witnesses, including evidence of witnesses' prior lies or untruthfulness, witnesses' biases or prejudices regarding the defendant, and the success or failure of witnesses' prior cooperation with the government.

The defendant seeks that the Court order the government to disclose such information promptly, and on an ongoing basis at any future time when additional exculpatory or impeachment evidence is discovered by the government.

Dated:   May 6, 2019                            Respectfully submitted,

                                                        *s/Manny K. Atwal*
                                                        MANNY K. ATWAL
                                                        Attorney ID No. 282029
                                                        Attorney for Defendant
                                                        Office of the Federal Defender
                                                        107 U.S. Courthouse
                                                        300 South Fourth Street
                                                        Minneapolis, MN 55415