UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-93 (JRT/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

ANDREW NATHANIEL DAVID PIONTEK,

        Defendant.

**GOVERNMENT'S OMNIBUS MOTIONS RESPONSE**

The United States of America, by and through its attorneys Erica H. MacDonald, United States Attorney for the District of Minnesota, and Melinda A. Williams and Jordan L. Sing, Assistant United States Attorneys, hereby submits the government's omnibus response to defendant Piontek's various pretrial motions. Based upon any reply filed by the defendant and any oral argument before the Court, the United States requests the opportunity to file supplemental briefing if necessary. Additionally, the parties agree that no hearing is necessary on the defendant's motions.

    A. **Motion for Discovery and Inspection [DCD # 20]**

The United States will comply with Fed. R. Crim. P. 16(a)(1)(A)-(F) and with Rules 702, 703, and 705 of the Federal Rules of Evidence. The government objects to the defendant's request to the extent it seeks information outside the scope of the above-mentioned rules. The government has provided discovery in the case to date and the government understands its continuing obligations with respect to discovery.

1

The parties are in continued discussion concerning discovery and will work together to resolve any outstanding discovery issues.

### B. Motion for Disclosure of 404(b) Evidence [DCD # 21]

The defendant moves for the disclosure of any prior "bad act" or "similar course of conduct" evidence which the United States intends to offer at trial. The United States is aware of its obligations under Rule 404(b) and will comply with those obligations.

### C. Motion to Compel Government to Disclose Favorable Evidence [DCD # 22]

The United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The United States has complied, and will continue to comply, fully with those obligations. The United States objects to the defendant's motion to the extent that it goes beyond the requirements of *Brady*, *Giglio*, and their progeny.

### D. Motion for Discovery of Expert Under Rule 16(a)(1)(G) [DCD # 23]

The defendant moves the Court for a written summary of testimony of any expert witness the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence and/or Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. The United States is aware of its obligations under Rule 16(a)(1)(G) and will comply fully with the requirements of that rule. The only issue on this matter to be determined by the Court is the timing of such disclosures.

There is no specific timing requirement included in Rule 16(a)(1)(G). Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments. With respect to the issue of timing, the advisory committee's notes provide that "although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion." *Id.*

The United States respectfully requests that the Court order that *both parties* make all expert disclosures no later than two weeks before trial. *See United States v. Finn*, 919 F. Supp. 1305, 1316 n.7 (D. Minn. 1995) (ordering government to make Rule 16(a)(1)(E) disclosures as opinions become available and no later than seven days before trial). Such a timing requirement allows the parties sufficient notice of the expected testimony and time to prepare a focused cross-examination of the expert. *See* Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments.

### E. Motion for Government Agents to Retain Rough Notes [DCD # 24]

The United States does not object to requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes created as part of the investigation.

Although the defendant is not currently requesting the disclosure of such rough notes, the United States would object to any order concerning the disclosure of rough notes. Rough notes are not considered statements within the meaning of the Jencks Act, 18 U.S.C. § 3500. *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding rough notes are not a statement of a witness as there was no evidence witness signed, adopted or approved of notes); *United States v. Shyres*, 898

3

F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover government agents' general notes from witness interviews). Nor are agent rough notes generally discoverable as "statements" of the agent. *See United States v. Simtab*, 901 F.2d 799, 808-09 (8th Cir. 1990) (defendant not entitled to discover testifying agents destroyed rough notes of investigations as Jencks Act material when notes merely represented pieces of information put in writing to refresh memory); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

Dated:   May 13, 2019                                  Respectfully Submitted,

                                                       ERICA H. MacDONALD
                                                       United States Attorney

                                                       *s/ Melinda A. Williams*

                                                       BY:  MELINDA A. WILLIAMS
                                                       JORDAN L. SING
                                                       Assistant U.S. Attorneys
                                                       Attorney ID No. 491005DC