# UNITED STATE DISTRICT COURT
## DISTRICT OF MINNESOTA

United State of America,

Case No. 19-cr-93 (JRT/TNL)

       Plaintiff,

v.

**ORDER**

Andrew Nathaniel David Piontek,

       Defendant.

Jordan L. Sing and Melinda A. Williams, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Manvir K. Atwal, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions filed by Defendant:

1. Motion for Discovery and Inspection (ECF No. 20);

2. Pretrial Motion for Disclosure of 404 Evidence (ECF No. 21);

3. Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 22);

4. Motion for Discovery of Expert Under Rule 16(a)(1)(G) (ECF No. 23); and

5. Motion for Government Agents to Retain Rough Notes and Evidence (ECF No. 24).

The parties agreed to waive the hearing and have the Court decide these motions on the papers. (Gov't's Omnibus Resp. at 1, ECF No. 25; Def.'s Letter, ECF No. 26; *see* ECF No. 27.) Based upon the record and memoranda, **IT IS HEREBY ORDERED** as follows:

1.      Defendant's Motion for Discovery and Inspection (ECF No. 20) is **GRANTED IN PART AND DENIED IN PART**. Defendant seeks discovery available under Federal Rule of Criminal Procedure 16. The Government states that it "will comply with Fed. R. Crim. P. 16(a)(1)(A)-(F) and with Rules 702, 703, and 705 of the Federal Rules of Evidence," and objects to the extent that Defendant seeks discovery outside the scope of these rules. (Gov't's Omnibus Resp. at 1.) The Government further states that it "has provided discovery in the case to date and . . . understands its continuing obligations with respect to discovery." (Gov't's Omnibus Resp. at 1.)

To the extent that Defendant's motion seeks discovery that the Government has already produced, Defendant's motion is denied as moot. To the extent that any other responsive discovery to Defendant's motion remains in the Government's control and has not yet been produced, Defendant's motion is granted.

Defendant also requests that, "[i]f prior to trial, the [G]overnment discovers additional evidence or material previously requested or ordered which is subject to discovery or inspection herein requested . . ." that the Government notify Defendant of such additional evidence or material. The Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Federal Rule of Criminal Procedure 16(c). Defendant's request, however, is granted, and any such

evidence or material that comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

2.    Defendant's Pretrial Motion for Disclosure of 404 Evidence (ECF No. 21) is **GRANTED IN PART** and **DENIED IN PART**.  Defendant requests the disclosure of "any 'bad act' or 'similar course of conduct' evidence [the Government] intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence."  Defendant also requests that the Government "identify the basis for the evidence's admissibility and the witnesses through whom such evidence will be presented at trial."  Defendant requests that such evidence be disclosed both "immediately" and "no later than 21-days before trial."  The Government states that it "is aware of its obligations under Rule 404(b) and will comply with those obligations."  (Gov't's Omnibus Resp. at 2.)

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense."  *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).  It does not apply to intrinsic evidence.  *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence.").  "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred."  *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, no later than 21 days prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Fed. R. Evid. 404(b). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

3.     Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 22) is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Defendant also seeks information regarding Government witnesses. The Government acknowledges its obligations under *Brady*, *Giglio*, and their progeny, but objects to Defendant's motion to the extent the materials sought go beyond the requirements of these authorities.

"The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. March 9, 2006) ("The statements of a non-witness are not discoverable."). To

the extent that Defendant seeks the statements of testifying witnesses, the production of any such statements fall within the purview of the Jencks Act and Federal Rule of Criminal Procedure 26.2.

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such requests are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). To the extent Defendant seeks the statements of non-testifying witnesses, this request is likewise denied. *Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.

4.      Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) (ECF No. 23) is **GRANTED**. Defendant requests the disclosure of expert witness information under Federal Rule of Criminal Procedure 16(a)(1)(G). The Government proposes "that *both parties* make all expert disclosures no later than two weeks before trial." (Gov't's Omnibus Resp. at 3.) No later than 14 days prior to trial, the parties shall make their respective expert disclosures.

5.      Defendant's Motion for Government Agents to Retain Rough Notes and Evidence (ECF No. 24) is **GRANTED**.  Defendant requests an order directing all law enforcement agents "to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of such rough notes are incorporated in official records" and "to preserve the evidence seized in the course of their investigation."  The Government does not object to the retention and preservation of rough notes.  To the extent it has not done so already, the Government shall direct its agents involved in this case to preserve any rough notes and evidence seized pertaining to this case.

6.      All prior consistent orders remain in full force and effect.

7.      Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: June___18____, 2019                    _____*s/ Tony N. Leung*_____
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota


                                             *United States v. Piontek*
                                             Case No. 19-cr-93 (JRT/TNL)