UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-93 (JRT/TNL)

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANDREW NATHANIEL DAVID PIONTEK,

Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and defendant Andrew Nathaniel David Piontek agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with Interstate Transportation of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(1). The defendant fully understands the nature and elements of the charged crime. Contingent on the defendant satisfying the conditions outlined in this agreement, the government agrees to move to dismiss Count Two of the Indictment at the time of sentencing.

2. **Factual Basis**. The defendant is pleading guilty because he is guilty of Count One of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

1


SCANNED
SEP 06 2019
U.S. DISTRICT COURT MPLS

On or about December 11, 2018, the defendant—a United States citizen who resides in the State and District of Minnesota—applied for admission to the United States at the Minneapolis/St. Paul International Airport. The defendant was returning from a trip to Thailand on a flight itinerary that connected through Amsterdam, Netherlands. The defendant's admission to the United States was subject to inspection by Customs and Border Protection (CBP). During an inspection of the defendant's luggage, CBP located a metal container that had a sock inside of it. CBP located a 128GB thumb drive inside a plastic food container underneath that sock. The defendant ultimately admitted that the thumb drive contained images and videos of child pornography. In addition to the thumb drive, the defendant also possessed six other electronic devices, including a laptop computer, two iPhones, an iPad, and a digital camera. CBP seized all seven devices. All seven of these electronic devices were manufactured outside of the State and District of Minnesota.

During a post-*Miranda* interview, the defendant admitted ownership of the electronic devices, stated that he exercised exclusive control over the devices, and provided access codes and passwords to the devices. The defendant stated that he downloaded child pornography from the Internet both in the United States and in Thailand. A search of the devices, pursuant to a search warrant, revealed thousands of images and videos of child pornography and confirmed that each device except the digital camera had been used to store child pornography. The images and videos of child pornography included prepubescent minors who had not yet attained the age of 12 years old engaging in sadistic or masochistic conduct.

Additionally, the defendant agrees that the government would be able to prove beyond a reasonable doubt that the seized iPhone 7 had been used on or about July 29, 2017, to conduct Internet searches for "where to find child prostitutes in kieve ukraine" and "where to find child sex in kiev ukraine." International travel records confirm that the defendant was located in Kiev, Ukraine, at the time of these Internet searches. The iPhone 7 also contained extensive chats in which the defendant attempted to negotiate exchanging money for sex acts while traveling abroad. Over the course of the past ten years, the defendant has traveled abroad 24 times.

On March 9, 2019, the defendant applied for admission to the United States at the Chicago O'Hare International Airport following a multi-week trip abroad. CBP seized an iPhone and laptop that the defendant had obtained following the December 11, 2018 seizure of his other devices. In a post-*Miranda* interview, the defendant stated he had continued viewing child pornography over the Internet following his December 11, 2018 statement. Despite the defendant's statement the contrary, both devices seized on March 9, 2019, also contained images and videos of child pornography.

3.    **Venue Waiver.**    The defendant knowingly, willingly, and voluntarily waives any challenge to the venue of this prosecution in District of Minnesota.

4.    **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. In fact, the defendant has filed certain pre-trial motions that have yet to be resolved. As part of this plea agreement, and based upon the concessions of the United States within this plea

agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have his pending motions resolved and to file additional pre-trial motions in this case.

5.      **Waiver of Constitutional Trial Rights.**  The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial.  By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6.      **Statutory Penalties**. The defendant understands that Count One of the Indictment (Interstate Transportation of Child Pornography) carries the following statutory penalties:

      a.      a mandatory minimum imprisonment term of 5 years;

      b.      a maximum imprisonment term of 20 years;

    c.     a term of supervised release of at least 5 years and up to a maximum term of life;

    d.     a maximum fine of $250,000;

    e.     a mandatory special assessment of $100;

    f.     a mandatory $5,000 payment to the Domestic Trafficking Victims' Fund; and

    g.     mandatory restitution in an additional amount to be determined by the Court.

7.    **Revocation of Supervised Release**.  The defendant understands that, upon release, he will be subject to conditions of supervised release.  The defendant understands that if he violates any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8.    **Guidelines Calculations**.  The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*.  Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

    a.     <u>Base Offense Level</u>.  The parties agree that the base offense level is **22**.  U.S.S.G. § 2G2.2(a)(2).

    b.     <u>Specific Offense Characteristics</u>. The parties agree to the application of the following specific-offense characteristics, which increase the base offense level as follows:

i)    2 levels because the material involved a prepubescent minor who had not attained the age of 12. U.S.S.G. § 2G2.2(b)(2);

ii)    4 levels because the material portrays sadistic or masochistic conduct. U.S.S.G. § 2G2.2(b)(4);

iii)    2 levels because the offense involved the use of a computer for the possession, receipt, or for accessing with intent to view the material. U.S.S.G. § 2G2.2(b)(6); and

iv)    5 levels because the offense involved more than 600 images. U.S.S.G. § 2G2.2(b)(7)(D).

c.    <u>Chapter 3 Adjustments</u>. Apart from acceptance of responsibility, the parties agree that no Chapter 3 adjustments apply.

d.    <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether the reduction will be imposed shall be determined by the Court in its discretion. In exercising its discretion, the defendant understands that the Court will likely consider the following occurrences: (1) the defendant's truthful testimony during the change of plea and sentencing hearings; (2) the defendant providing full, complete, and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engaging in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

The government also agrees to move for an additional 1-level reduction because the defendant timely notified the government of his intention to plead guilty. U.S.S.G. § 3E1.1(b).

e.    <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal

6

history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

  f.  <u>Guidelines Range</u>. If the adjusted offense level is **32** (22+2+4+2+5-3), and the criminal history category is I, the Sentencing Guidelines range is **121-151 months of imprisonment**.

  g.  <u>Fine Range</u>. If the adjusted offense level is 32, the Sentencing Guidelines fine range is $35,000 to $350,000. U.S.S.G. § 5E1.2(c)(3).

  h.  <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least one year and up to a maximum term of life. U.S.S.G. § 5D1.2(b)(2).

  i.  <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make a motion for a departure from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

9.  **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10.   **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3.   The defendant agrees to pay the $100 special assessment at the time of sentencing.

11.   **Restitution and Disclosure of Assets**.  The defendant understands and agrees that 18 U.S.C. § 2259 and the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, apply and that the Court is required to order the defendant to make restitution to the victims of his crime.  The defendant agrees to pay no less than $3,000 to each victim of his crime.  There is no agreement with regard to the amount of additional restitution; however, the defendant understands and agrees that the Court may order the defendant to make restitution to any victims of his crimes regardless of whether the victim was named in the Indictment or whether the victim is included in the count of conviction.  The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest.  The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court.  The defendant agrees to fully and truthfully complete a financial statement at least 30 days before the date of sentencing.

12.   **Forfeiture.**  The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

(1) any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. The parties agree that the property subject to forfeiture includes the following property:

(1) a MacBook Pro laptop computer with serial #C02VW3XVHV2N;

(2) a MacBook Pro laptop computer with serial #C02X81WPJHCD;

(3) an iPhone 7 model #A1660 with case, serial #DNPT503NHG7D;

(4) an iPhone 6S model #A1633 with IMEI #354956074001798;

(5) an iPhone XS, serial number C39XPJ72KPFT;

(6) an Apple iPad with serial # DMPKPPWA;

(7) a San Disk thumb drive/Wi-Fi device model #SDWS4; and

(8) a 128GB USB Thumb Drive with Serial #BP180425831Z.

The Defendant agrees that these items are subject to forfeiture because they were used to commit the offense charged in Count One of the Indictment. The United States reserves the right to seek forfeiture of additional property.

13. **Waivers of Appeal and Collateral Attack**. The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal the defendant's sentence, unless that sentence exceeds 151 months of imprisonment. In addition, the defendant expressly waives the right to challenge his sentence or confinement under 28 U.S.C. § 2255. The defendant's appellate waivers include waiving the right to contest the constitutionality of the statute to which he is pleading guilty or to argue that the admitted conduct does not fall within the scope of that statute. The defendant also agrees not to appeal any award of restitution. However, these appellate waivers shall not apply to a direct appeal or post-conviction collateral attack based on a claim of ineffective assistance of counsel. The defendant understands the rights being waived, and he waives these rights knowingly, willingly, and voluntarily. In exchange, the United States waives its right to appeal the defendant's sentence, unless that sentence is less than 121 months of imprisonment.

14. **Sex Offender Registration.** The defendant understands that by pleading guilty, the defendant will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.

15.    **FOIA Requests.**  The defendant knowingly, willingly, and voluntarily waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16.    **Complete Agreement**.  This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ERICA H. MacDONALD
United States Attorney

Date: 9.5.2019

BY:    JORDAN L. SING
MELINDA A. WILLIAMS
Assistant United States Attorneys

Date: 9/5/2011

ANDREW PIONTEK
Defendant

Date: 9/5/2019

MANVIR K. ATWAL
Counsel for Defendant