UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANDREW NATHANIEL DAVID PIONTEK,

Defendant.

Case No. 19-cr-93 (JRT/TNL)

**PRELIMINARY ORDER OF FORFEITURE**

Based on the United States' motion for a Preliminary Order of Forfeiture; on the Defendant's guilty plea to Count 1 of the Indictment; on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. § 2253(a); and on the Court's determination based upon all of the files and records of this proceeding, the government has established the requisite nexus between such property and the offenses to which the Defendant has pleaded guilty,

IT IS HEREBY ORDERED that:

1. The Motion of the United States for a Preliminary Order of Forfeiture [Docket No.51] is **GRANTED;**

2. The following property is forfeited to the United States pursuant to 18 U.S.C. § 2253(a):

   (1) a MacBook Pro laptop computer with serial #C02VW3XVHV2N;
   (2) an iPhone 7 model #A1660 with case, serial #DNPT503NHG7D;
   (3) an iPhone 6S model #A1633 with IMEI #354956074001798;
   (4) an Apple iPad with serial #DMPKPPWA;
   (5) San Disk thumb drive/WiFi device model #SDWS4;
   (6) A digital Camera containing a 64 GB Sandisk Pixtor SD Card, serial no. BN1528050252G;
   (7) A 128GB USB Thumb Drive, serial #BP180425831Z; and

(8) MacBook Pro laptop computer, serial number C02X81WPJHCD (together, "the Property").

3. The Attorney General or his authorized designee may seize and maintain custody and control of the Property pending the entry of a Final Order of Forfeiture;

4. The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253(b), publish and give notice of this Order and its intent to dispose of the Property in such manner as the Attorney General may direct;

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

6. Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee; and

7. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated:

                                        JOHN R. TUNHEIM, CHIEF JUDGE
                                        United States District Court