UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 19-cr-93 (JRT/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) **ORDER FOR DETENTION** |
| v. | )<br>) |
| ANDREW NATHANIEL DAVID PIONTEK, | )<br>) |
| Defendant. | ) |

On September 23, 2024, Defendant Andrew Nathaniel David Piontek made his initial appearance following his arrest for an alleged violation of his supervised release. This matter came before the Court on September 26, 2024, for a preliminary and detention hearing. The defendant appeared in custody and was represented by Andrew S. Garvis. The United States of America was represented by Assistant United States Attorney Jordan L. Sing. The Court advised the defendant of his constitutional rights, including the right to consult with his appointed counsel, and the procedural posture of this matter. *See* Fed. R. Crim. P. 5, 32.1. The defendant ultimately elected to waive the issues of probable cause and detention pending his final revocation hearing.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. On September 16, 2020, the defendant began serving an eight-year term of supervised release after serving a 72-month sentence of imprisonment for Interstate Transportation of Child Pornography. On January 10, 2024, prior to his release—and while residing at a residential reentry center—the defendant's conditions of supervised release were read and explained to him.

2.   On September 19, 2024, the Court issued warrant for the defendant's arrest based on the filing of a Petition on Supervised Release. The Petition alleged that the defendant had violated the conditions of his supervised release by lying to his supervising probation officer. According to the Petition, on or about September 16, 2024, the defendant indicated he had a cellular telephone but denied its capability to access the Internet in violation of his conditions of supervised release. A review of the defendant's cellular telephone, however, revealed the defendant had knowingly accessed the Internet. The defendant's Internet search history revealed a pattern of accessing the Internet and included search queries that concerned his supervising probation officer. The defendant subsequently admitted to possessing and hiding a contraband phone in a wooded area at his residence.

3.   At the September 26 hearing, the defendant intelligently and voluntarily waived his right to a preliminary hearing on the Petition, and the Court finds probable cause to support its allegations.

4.   As to detention pending further proceedings, Rule 32.1(a)(6) requires that the defendant establish by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or the community. Because the defendant elected to waive the issue of detention pending his final revocation hearing, he elected not to meet his burden at this time. The Court therefore finds that there is no condition or combination of conditions that will reasonably ensure the defendant's appearance and the safety of the community.

**ORDER**

According, based on all the files, records, and proceedings, **IT IS HEREBY ORDERED**:

1. The motion of the United States for detention is **GRANTED**;

2. The defendant is committed to the custody of the United States Marshals for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Defendant is confined shall deliver him to the United States Marshals for the purpose of appearance in connection with all court proceedings.

Dated: September 26, 2024                                     *s/ Jon T. Huseby*

                                                             Hon. Jon T. Huseby
                                                             United States Magistrate Judge